UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSDAVELIS CEPEDA,

     Plaintiff,

v.                              Case No.:  2:22-cv-551-JLB-KCD

DOLGENCORP, LLC,

     Defendant.

_____/

## ORDER[1]

     This is a slip and fall case that Dolgencorp, LLC (which operates a Dollar General store) removed based on diversity jurisdiction.

     Federal courts are courts of limited jurisdiction and must inquire about jurisdiction sua sponte whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).[2] A defendant may remove a civil case from state court provided it could have been brought in federal court. *See* 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction if the amount in

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

controversy exceeds $75,000, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal must establish diversity jurisdiction as of the date of the removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). Defendant must show, by a preponderance of the evidence, facts supporting jurisdiction. *Burns v. Windsor Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

Removal jurisdiction raises significant federalism concerns, and thus courts strictly construe removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

After reviewing the pleadings, the Court sees a problem with both diversity of citizenship and amount in controversy.

Citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not residence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. Here, Osdavelis Cepeda's

citizenship is unclear. The Notice of Removal states that Cepeda is a resident of Florida. (Doc. 1 at 6.) But residency is not sufficient, and domicile isn't mentioned anywhere in the pleadings. Relying on persuasive authority, Dolgencorp asserts that residency is prima facie evidence of domicile. Yet, the Eleventh Circuit has said that citizenship is equivalent to domicile, not residency. *See McCormick*, 293 F.3d at 1257-58.

For amount in controversy, Dolgencorp relies on a pre-suit policy limit demand, but sans details. (Doc. 1 at 13.) The Court cannot simply conclude that the amount in controversy is met based on an unadorned settlement offer. Further, "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). The Notice of Removal contains no other factual allegations about the amount in controversy, nor does Dolgencorp submit any evidence about the amount in controversy. And although Cepeda makes a general statement of her alleged injuries in the Complaint (Doc. 5 at 4), such a general statement is insufficient alone (or in combination with the above) to establish subject-matter jurisdiction. *See*

3

*Lowery v. Ala. Power Co.*, 438 F.3d 1184, 1215 (11th Cir. 2007) (defendants, nor the court, may speculate to make up for a notice of removal's failings); *Jennings v. Powermatic*, No. 3:13-cv-921-J-32JBT, 2013 WL 6017313, at *2 (M.D. Fla. Nov. 13, 2013) (noting that the court may use reasonably deductions and common sense in determining whether the jurisdictional threshold has been met, but may not speculate or guess, and there must be some supporting evidence to do so).

At bottom, Dolgencorp has not shown "by a preponderance of the evidence" that subject-matter jurisdiction exists. To remedy these deficiencies, Dolgencorp may supplement the notice of removal. *See* 28 U.S.C. § 1653.

Finally, the Notice of Removal does not include each paper docketed in the state court (*see* Doc. 1-3, state court docket sheet), as required by Local Rule 1.06(b). All future filings must comply with the Local Rules.

It is now **ORDERED**:

Defendant must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter jurisdiction by **September 22, 2022**. **Failure to do so will result in a recommendation this case be remanded for lack of subject-matter jurisdiction.**

**ENTERED** in Fort Myers, Florida this September 11, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record